NO. 07-03-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 8, 2004

_____

LESTER MURL NIXON,

                                                    Appellant
                            v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 02-2590; HON. CARTER R. SCHILDKNECHT, PRESIDING

_____

***Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Lester Murl Nixon challenges his conviction for driving while intoxicated (DWI) "with two or more previous convictions for the same offense." His sole issue involves whether the evidence was legally sufficient to support his conviction. Specifically, appellant contends the State failed to prove that both prior convictions alluded to in the indictment were final. We reverse the judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

*Background*

Appellant was indicted in January 2002 for DWI. Included in the indictment was the allegation that he previously had been convicted of DWI by the County Court of Real County in 1995 (Cause No. 903) and by the County Court of Randall County in January of 1984 (Cause No. 20,900-L). It is the latter offense which underlies the dispute at bar. The parties stipulated that the offense resulting in the January 1984 conviction actually occurred in September of 1983. Furthermore, and as reflected by the judgment that the State submitted into evidence at trial, the trial court suspended the one year sentence levied against appellant in Cause No. 20,900-L and placed him on probation for two years. No evidence was presented at trial illustrating that his probation was ever revoked.[2]

*Authority*

Statute provides that one commits an offense if he is intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. §49.04(a) (Vernon 2003). Though the offense is generally a class B misdemeanor, *id.* §49.04(b), it becomes a felony of the third degree "if it is shown . . . that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." *Id.* §49.09(b)(2) (Vernon Supp. 2004). In other words, statute permits the enhancement of the charge to a felony if the accused was twice finally convicted of DWI before.

Generally, a conviction wherein the defendant's sentence was suspended and he was placed on probation is not final until probation has been revoked. *Ex parte Langley*,

---

[2]At a pretrial hearing on appellant's motion to quash the indictment, the trial court received a copy of an order entered in Cause No. 20,900-L. As evinced in that order, the County Court for Randall County set aside the finding of guilt, dismissed the complaint and information, and discharged appellant from probation.

2

833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978).  And, given that such a conviction is not final, it normally cannot be used for enhancement purposes.  Therein lies the heart of the dispute before us.  We must determine whether appellant's conviction in January of 1984 was final for purposes of elevating his latest DWI charge from a class B misdemeanor to a felony of the third degree.  Normally, the answer would be an easy one for we would need only apply the general rule described in *Langley* and *Murchison*.  However, via art. 6701l-1(h) of the Texas Revised Civil Statutes, the legislature modified the general rule.[3]  Through it, the legislature declared that "a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated."  Act of May 27, 1983, 68th Leg., R.S. ch. 303 §3, 1983 Tex. Gen. Laws 1574, 1576.[4]  Given this and the fact that the offense ultimately resulting in the Randall County conviction occurred in September of 1983 but appellant was not convicted until January of 1984, the question before us is whether art. 6701l-1 serves to prevent application here of the general rule mentioned in *Langley* and *Murchison*.  To resolve it, we must construe whether the phrase "that occurs on or after January 1, 1984" modifies the word "conviction" or "offense."  Appellant contends that it modifies the latter while the State argues that it refers to the former.

When interpreting a statute, we attempt to effectuate the collective intent or purpose of the legislature.  *Griffith v. State*, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003).  This

---

[3]This article was subsequently repealed and replaced by §49.09(d) of the Texas Penal Code.

[4]The statute became effective on January 1, 1984.

3

requires us to interpret an unambiguous statute literally, unless doing so would lead to an absurd result. *Id.* And, only when a literal reading of the statute leads to an absurd result will we resort to the use of extratextual factors to determine legislative intent. *Id.* Finally, authority obligates us to assume not only that every word contained in the statute has been used for a purpose but also that each word, phrase, and clause should be given effect. *Campbell v. State*, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001). Application of these rules leads us to but one conclusion.

Article 6701l-1(h) is not ambiguous and, when literally read, means that the offense must occur after January 1, 1984. This is clear given the legislature's placement of the phrase "that occurs on or after January 1, 1984" after the word "offense." Indeed, to read the phrase as referring to "conviction," as suggested by the State, would not only change the location of the phrase in the statute but also render the word "offense" meaningless. Simply put, there would be no reason to include the term if the date of conviction was all that mattered. Yet, the legislature included the term, and we must give it meaning. *Campbell v. State*, *supra*.

So, upon reading the statute literally and giving effect to each word contained in it, we hold that before a probated 1984 conviction can be deemed final under art. 6701l-1(h), the offense must occur after January 1, 1984.[5] And, the record discloses that such was not the case *viz* the Randall County conviction at bar. Though appellant was convicted of the offense in January of 1984, he actually committed it several months earlier, that is, in

---

[5]The State's reliance on *Ex parte Serrato*, 3 S.W.3d 41 (Tex. Crim. App. 1999), *Vrba v. State*, 69 S.W.3d 713 (Tex. App.–Waco 2002, no pet.) and *Williamson v. State*, 46 S.W.3d 463 (Tex. App.–Dallas 2001, no pet.) is misplaced. None involved a prior DWI conviction wherein the offense actually occurred before January 1, 1984.

4

September of 1983.  Consequently, art. 6701l-1(h) does not apply while the general rule in *Langley* and *Murchison* does, and the State could not use the Randall County conviction to elevate the 2001 DWI charge to a felony.[6]

There being no evidence that appellant was twice convicted of DWI before his trial upon the 2001 charge, the verdict of the jury is legally insufficient.  Consequently, we reverse the judgment of the trial court and remand for further proceedings.  *See Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex. Crim. App. 1978) (instructing the trial court to enter a judgment of conviction for a misdemeanor and remanding for a new punishment hearing).


Brian Quinn
Justice


Publish.

---

[6]Given that the 1984 judgment offered by the State itself revealed that the 1984 conviction was probated, we reject the State's comment that there was no evidence illustrating the conviction was not final.