IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,618






EX PARTE WAYNE JOHN REID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 98-F-258-202 IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a
public servant and punishment, enhanced by a prior conviction, was assessed at twenty years'
imprisonment, consecutive to another sentence. The Sixth Court of Appeals affirmed his conviction.
Reid v. State, No. 06-99-013-CR (Tex. App. - Texarkana, delivered August 9, 2000, pet ref'd).

 Applicant contends that his punishment was improperly enhanced because the prior
conviction used to enhance his punishment was not final on the date he committed this offense. This
claim is not that the State failed to prove finality at Applicant's trial, an issue resolved on appeal, but
rather that in fact the prior conviction was not final on the date of this offense. Applicant has met
his burden of proving this allegation, and is entitled to relief. Ex parte Sparks, 206 S.W.3d 680 (Tex.
Crim. App. 2006.)

 The trial court has found that this offense was committed June 1, 1997. Punishment was
enhanced by a prior conviction in Harris County cause number 9417050. Appeal in cause number
9417050 was affirmed November 26, 1997, and mandate on that cause was issued March 24, 1998. 
 Applicant was convicted in this challenged conviction on October 22, 1998. A conviction may not
be used to enhance punishment unless it is final before the primary offense is committed, and a
conviction which is appealed is not final until the mandate issues on that appeal. Johnson v. State,
784 S.W.2d 413 (Tex. Crim. App. 1990). Although cause number 9417050 was final before
Applicant was convicted in this cause, it was not final on the date this offense was committed, and
therefore could not be used to enhance punishment in this cause. The sentence assessed exceeds the
ten year maximum for assault on a peace officer, and is therefore invalid. Applicant is entitled to
relief notwithstanding his erroneous plea of true to this enhancement allegation. See Ex parte Rich,
194 S.W.3d 508 (Tex. Crim. App. 2006).

 The judgment in cause number 98-F-258-202 from the 202nd Judicial District Court of Bowie
County is set aside, and Applicant is remanded to the custody of the Sheriff of Bowie County so that
a new punishment hearing may be conducted. A copy of this opinion shall be sent to the Texas
Department of Criminal Justice, Correctional Institutions Division.

Delivered: February 28, 2007.

Do Not Publish