Opinion issued December 4, 2008     

















In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00078-CR
____________

THE STATE OF TEXAS, Appellant

V.

WILLIAM RODNEY WILSON A/K/A WILLIAM CORRICK, Appellee
 

 
 
On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 9756A
 



O P I N I O N

          The State appeals from a trial court order granting William Rodney Wilson’s
application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.072
(Vernon 2005). In its sole issue, the State asserts that the trial court abused its
discretion in granting Wilson’s application. We conclude the trial court did not abuse
its discretion by vacating Wilson’s probated sentence for felony DWI. We affirm.Background
          On August 18, 1987, Wilson entered a plea of guilty to the offense of felony
DWI. Wilson also entered pleas of true to two paragraphs alleging previous DWI
convictions:
Paragraph #2—and it is further presented in and to said Court, that prior
to the commission of the aforesaid offense by the said WILLIAM
RODNEY WILSON, on the 5th day of November, 1986, in the County
Court of Colorado County, Texas, in cause number 9796, the said
WILLIAM RODNEY WILSON was convicted of the offense of driving
and operating a motor vehicle in a public place, while intoxicated, a
misdemeanor, and said conviction became final prior to the commission
of the aforesaid offense.
Paragraph #3—and it is further presented in and to said Court, that prior
to the commission of the aforesaid offense by the said WILLIAM
RODNEY WILSON, on the 29th day of November 1983, in the County
Court of Washington County, Texas, in cause number 11254, the said
WILLIAM RODNEY WILSON was convicted of the offense of driving
and operating a motor vehicle upon a public road and highway, while
intoxicated, a misdemeanor, and said conviction became final prior to
the commission of each of the aforesaid offenses.

In accordance with the plea bargain agreement, the trial court found true the two
paragraphs that asserted Wilson was twice previously convicted of DWI, and found
him guilty of the third-degree felony offense of DWI. Wilson was sentenced to four
years in prison, probated for four years, and a $750 fine. 
          Within one year of being placed on probation, the State filed a motion to
revoke probation and issued a capias for Wilson’s arrest. Nineteen years later,
Wilson was arrested. Wilson then filed an application for writ of habeas corpus.
Wilson’s amended application challenged the finality of the DWI convictions used
to enhance the offense to a felony, asserting that the previous convictions were not
“reflected in final judgments.” See Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon
2006). In the prayer for relief, Wilson asked the court to “[i]ssue a writ of habeas
corpus vacating his unlawfully obtained conviction and sentence.” The State
responded to Wilson’s application by contending that his plea of true to the prior
convictions established those convictions and that he may not challenge the
convictions because he benefitted by receiving probation for the felony DWI. 
          At the hearing for the writ of habeas corpus, Wilson presented the orders for
the two previous DWI offenses named in the jurisdictional enhancement paragraphs. 
The orders both state that “the finding of guilty herein shall not be final, that no
judgment be rendered thereon, and that the defendant be, and is hereby placed on
probation in this cause.” The trial court granted Wilson’s application for writ of
habeas corpus and vacated Wilson’s probated sentence for felony DWI.
Habeas Corpus
          The State contends that the trial court abused its discretion by granting
Wilson’s application because (1) the trial court acted without knowledge of the law
in effect at the time of the commission of the underlying offense and without knowing
whether the sentences in Wilson’s two prior DWI convictions were imposed, (2)
Wilson is estopped from challenging the prior convictions used to enhance the case,
and (3) Wilson cannot challenge the sufficiency of the evidence in a writ of habeas
corpus.
          A. Standard of Review
          A trial court’s ruling in a habeas corpus proceeding should not be overturned
absent a clear abuse of discretion. Ex parte Ayers, 921 S.W.2d 438, 440 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). A trial court abuses its discretion when it
acts without reference to any guiding rules or principles. Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990). In determining whether a court has abused
its discretion, we view the evidence in the light most favorable to the trial court’s
ruling. Crow v. State, 968 S.W.2d 480, 482 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref’d).
 
 
          B. Requisites for Writ of Habeas Corpus
          Article 11.072 applies to an applicant for a writ of habeas corpus in a felony
case in which the applicant seeks relief from a judgment of conviction ordering
community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, § 1. At the time
the application is filed, the applicant must be or have been on community supervision,
and the application must challenge the legal validity of the conviction for which
community supervision was imposed. Id. § 2(b)(1). The court shall enter a written
order including findings of fact and conclusions of law. Id. § 7(a).


 If the application
is granted, the State may appeal the order. Id. § 8.
          C. Law of DWI Felony Enhancement When Wilson received probation in 1987, DWI was punishable as a third-degree felony if the defendant had twice before been convicted of DWI. Tex. Rev.
Civ. Stat., art. 6701l-1(e) (repealed 1994). For purposes of the 1987 DWI felony
enhancement statute, “a conviction for an offense that occur[red] on or after January
1, 1984, [was] a final conviction, whether or not the sentence for the conviction [was]
probated.” Id. art. 6701l-1(g). A probated sentence for DWI that occurred prior to
January 1, 1984 was not defined as a final conviction. See id. (as amended by Acts
1979, 66th Leg., p. 1609, ch. 682, § 3); see also Nixon v. State, 153 S.W.3d 550, 552
(Tex. App.—Amarillo 2004, pet. ref’d) (“[W]e hold that before a probated 1984
conviction can be deemed final . . . , the offense must occur after January 1, 1984.”).
          D. Analysis 
          The State contends that the trial court abused its discretion by acting without
knowledge of the law in effect in 1987, when appellant committed the DWI offense. 
But the record shows the trial court applied the 1987 law correctly. The State used
appellant’s 1983 conviction to enhance appellant’s DWI offense to a third-degree
felony. However, the sentence for the 1983 conviction was probated. Under the law
in effect at the time of appellant’s DWI, a conviction that occurred before January 1,
1984 and for which the sentence was probated was not a final conviction. See Tex.
Rev. Civ. Stat., art. 6701l-1(g) (repealed 1994). Appellant’s 1983 conviction could
therefore not be used for enhancement purposes, and without two enhancement
convictions, appellant’s DWI was not a felony.
          Although the State accurately notes that the record does not affirmatively show
whether the 1983 probation was revoked, that does not mean the trial court abused
its discretion. Based on the evidence before the trial court, which was an order
placing Wilson on probation for DWI in 1983, the record shows that the probation at
that time was not a final conviction. See id. We cannot conclude the trial court
abused its discretion by determining Wilson was not finally convicted of the 1983
DWI. 
          The State contends that Wilson was estopped from challenging the legal
sufficiency of the evidence used to convict him because he “did personally stipulate
to the facts of the stipulation; the stipulation adequately recited the two prior
jurisdictional convictions contained in the indictment; [and] the written stipulation
is itself contained in the official trial record.” However, this is not true of an
applicant for habeas corpus. An applicant “may undertake to prove on habeas corpus
that in fact he is innocent of the offense . . . even though he pleaded guilty, confessed,
and stipulated to evidence.” Ex parte Sparks, 206 S.W.3d 680, 683 (Tex. Crim. App.
2006). In Ex parte Sparks, Sparks “judicially confessed, agreed to the stipulation of
evidence, and waived defects in the indictment.” Id. Nevertheless, the Texas Court
of Criminal Appeals set aside the judgment of guilt because Sparks was not guilty of
the felony elements of DWI. Id. We cannot conclude, therefore, that Wilson is
estopped from challenging the evidence that establishes he was previously twice
convicted of DWI. 
          The State also contends Wilson cannot challenge the sufficiency of the
evidence used to sustain his felony conviction through an application for post-conviction writ of habeas corpus. The State cites Ex parte Grigsby in support of this
contention, but Grigsby is not applicable to this case. 137 S.W.3d 673, 674 (Tex.
Crim. App. 2004). Grigsby pleaded guilty to the felony offense of robbery, and then
challenged the sufficiency of the evidence to support his conviction through a writ
of habeas corpus. The Court held that “it is well-established that a challenge to the
sufficiency of the evidence used to sustain a felony conviction is not cognizable on
an application for a post-conviction writ of habeas.” Id. Although in the body of the
writ Wilson challenges the sufficiency of the evidence used to sustain his conviction
by asserting the two prior DWI convictions were not final, in the prayer he seeks
habeas corpus relief based on the illegality of his felony conviction. It is proper to
seek habeas corpus relief based on the illegality of the felony conviction. See Ex
parte Roemer, 215 S.W.3d 887, 890–91 (Tex. Crim. App. 2007) (granting habeas
relief when applicant asserted that his sentence for felony DWI was illegal). 
          We hold that the trial court did not abuse its discretion by granting Wilson’s
application for writ of habeas corpus. 
Conclusion
          We affirm the order of the trial court.
 
                                                             Elsa Alcala
                                                             Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Publish. Tex. R. App. P. 47.2(b).