Opinion
issued May 6, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————
 
 


NO. 01-09-00381-CR

————————————
 
 


Juan Orozco Tellez, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1184741

 


 
 

 
 
 



MEMORANDUM OPINION

Appellant, Juan Orozco Tellez, without
an agreed punishment recommendation from the State, pleaded guilty to the
felony offense of assault against a family member,[1] and
the trial court assessed his punishment at six years confinement.  In his sole point of error, appellant contends
that the trial court “lacked subject matter jurisdiction” over his case.

          We
affirm.

Background

A Harris County Grand Jury issued a
true bill of indictment, accusing appellant of committing the offense of
assault against a family member when he had previously been convicted of the
misdemeanor offense of assault against a family member.  After the trial court admonished appellant of
his legal rights,[2] he
pleaded guilty to committing the offense of assaulting his wife, Imeda Chong,
the complainant.  The trial court found
appellant guilty and ordered a pre-sentence investigation report.  After a subsequent hearing, the trial court
imposed its sentence.  Appellant then
filed a motion for new trial, in which he asserted that he had “never been
convicted of a prior Family Assault.”

At the hearing on his motion,
appellant testified that he had not been previously convicted of the offense of
assault against a family member, but he had, in fact, received deferred
adjudication for the prior offense.  He
explained that he had successfully completed the terms of his community
supervision and the case was dismissed. 
Appellant stated, “if [I] had known when [I] pled guilty to this
third-degree felony . . . [I would not have] pled guilty . . . if [I] had known
[I was] not convicted.”

Jurisdiction

          In
his sole point of error, appellant argues that the district court “lacked
subject matter jurisdiction” over this case because he in fact had no prior
“conviction” of the offense of assault against a family member to support his
felony conviction in this case. 

In Texas, district courts have
jurisdiction over felony offenses.  Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon
2005).  If an indictment alleges a
felony, that is sufficient to create jurisdiction in a district court.  Ex
parte Sparks, 206 S.W.3d 680, 682 (Tex. Crim. App. 2006).  Even if the evidence later produced only
supports a conviction of a lesser included misdemeanor offense, the district
court retains jurisdiction over the case. 
Id.; Tex. Code Crim. Proc. Ann. art. 4.06 (Vernon 2005).  

A person is guilty of the felony
offense of assault against a family member when he “intentionally, knowingly,
or recklessly causes bodily injury” to a family member and the State proves
that the defendant has been previously convicted of a prior assault against a
family member.  Act of May
15, 2007, 80th Leg., R.S., ch. 623, 2007 Tex. Gen. Laws 1192, 1192–93 (amended
2009) (current version at Tex. Penal
Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2009)).  

Here, the true bill of indictment
contains all of the elements necessary to establish the felony offense of
assault against a family member.  The
State was not, as appellant asserts, required to prove that appellant had a
prior conviction for the offense of assault of a family member to maintain
jurisdiction in the district court.  See Ex
parte Sparks, 206 S.W.3d at 682. 

Nevertheless, appellant further
argues that the evidence is legally insufficient to support his conviction
because the evidence did not establish that he had previously been convicted of
assault against a family member, but only that he had received deferred
adjudication for that offense, and this resulted in a variance between the
pleading and the proof.

Our “sufficiency” review on appeal of
felony pleas of guilty to trial courts is confined to determining whether
sufficient evidence supports the judgment of guilt.  Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon 2005); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); Keller v. State, 125 S.W.3d 600, 605
(Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  A defendant’s judicial confession that the
facts to which he stipulates are true is, by itself, sufficient to support a
conviction.  Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996).  “A ‘variance’ occurs when there is a
discrepancy between the allegations in the charging instrument and the proof at
trial.”  Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

Appellant asserts that he was “never
convicted of the prior Assault of a Family Member.”  However, a prior conviction under Texas Penal
Code section 22.01 includes cases where “the defendant . . . entered a plea of
guilty . . . in return for a grant of deferred adjudication, regardless of
whether the sentence for the offense was ever imposed.”  Act of May 15, 2007, 80th Leg.,
R.S., ch. 623, 2007 Tex. Gen. Laws 1192, 1192–93 (amended 2009). 
Thus, appellant’s receipt of deferred adjudication for the prior offense
of assault against a family member was, for purposes of section 22.01, a
conviction.  Id.  Moreover, appellant’s
judicial confession to all of the allegations in the indictment, including that
he had previously been convicted of the offense of assault against a family
member, is sufficient to sustain his conviction.  See Keller,
125 S.W.3d at 605.  The State pleaded and
proved the prior conviction necessary to support the enhancement.  

Finally, to the extent that appellant
asserts that his plea of guilty was not voluntary, whether a guilty plea is voluntary
is determined by the totality of the circumstances.  Griffin
v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Houston v. State, 201 S.W.3d 212, 217–18 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  When the record
shows that a defendant has received an admonishment on punishment, it establishes
a prima facie showing that the plea was made knowingly and voluntarily.  Ex parte
Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st
Dist.] 1996, no pet.).  The burden then
shifts to the defendant to show that he entered his plea without understanding
the consequences of the plea.  Fuentes v. State, 688 S.W.2d 542, 544
(Tex. Crim. App. 1985).  Once a defendant
attests that he understands the nature of his plea and that it was made voluntarily,
he has a heavy burden to prove on appeal that his plea was involuntarily entered.
 Edwards,
921 S.W.2d at 479.

Appellant signed an agreement to
stipulate and judicial confession wherein he confessed as true all of the facts
alleged in the indictment.  Appellant
indicated that he understood the allegations against him, and he “confess[ed]
that they [were] true” and signed an acknowledgement that the trial court had
admonished him on the range of punishment and the consequences of his plea and
his plea was “freely and voluntarily made.” 
Although appellant asserts that he would not have pleaded guilty had he
known that he had not been previously convicted of the offense of assault
against a family member, he, in fact, had been previously convicted of the
offense.

We overrule appellant’s sole point of
error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices Jennings, Hanks, and Bland.

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]           See
Act of May 15, 2007, 80th Leg., R.S., ch. 623, 2007 Tex. Gen. Laws 1192,
1192–93 (amended 2009) (current version at Tex.
Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2009)).

 





[2]           See
Tex. Code Crim. Proc.
Ann. art. 26.13(d) (Vernon Supp. 2009).