**Opinion issued June 6, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00967-CR

———————————

## EX PARTE RICHARD DENNIS HARRIS, Appellant

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1289692**

## MEMORANDUM OPINION

Richard Dennis Harris appeals the trial court's denial of his application for a writ of habeas corpus. Harris was charged with the felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012). Harris negotiated a plea bargain and pleaded guilty to a Class A misdemeanor charge of DWI. The trial court placed Harris on community supervision. Harris sought

habeas relief asserting that the trial court lacked jurisdiction because the "dismissal" of one of two prior DWI convictions reduced the charge from a felony to a Class A misdemeanor. The trial court denied the application, and Harris appealed. We conclude the trial court had jurisdiction, and we affirm the trial court's order denying Harris's application.

## Background

A Harris County grand jury indicted Harris for the felony offense of driving while intoxicated, with two prior DWI convictions. The indictment alleged two prior DWI convictions, one in 2003 in Travis County and one in 2006 in Brazoria County. Harris filed a motion to dismiss, contending the trial court lacked jurisdiction. Specifically, Harris asserted that the 2006 Brazoria County conviction was not a valid final conviction and the indictment, therefore, alleged a misdemeanor, not a felony, depriving the trial court of jurisdiction.[1]

---

[1] According to the allegations in the indictment, the Brazoria County conviction became final in 2006. The document from Brazoria County attached to the appellant's writ application is labeled "Motion to Dismiss." The State asked for dismissal due to "evidentiary issues." The trial court's order at the bottom of the motion states that the cause "is hereby dismissed." It has the same cause number as the 2006 conviction alleged in the indictment in this case, but is dated February 24, 2011. In his motion to reconsider his writ application, the appellant refers to the 2006 Brazoria County conviction as "an invalid 'Dee Wallace' conviction," but nothing in the record indicates what that means. Harris's motion implies that the Brazoria County conviction had something to do with "falsified records."

2

While Harris's motion to dismiss was pending, he and the State negotiated a plea bargain. In exchange for the State abandoning the enhancement allegation on the Brazoria County conviction, moving for the trial court to reduce the charge to a Class A misdemeanor, and recommending community supervision, Harris agreed to plead guilty to a Class A Misdemeanor DWI. The trial court accepted the guilty plea and sentenced Harris to one year confinement in the Harris County jail, probated for eighteen months.

Six months later, Harris sought habeas relief in the trial court, arguing that it lacked jurisdiction because the indictment pleaded a misdemeanor not a felony. The trial court denied the application. Harris appeals.

**Analysis**

In his sole issue,[2] Harris contends that the trial court—a district court—lacked jurisdiction over this case because Harris in fact did not have two prior DWI convictions to elevate his DWI to a felony.

---

[2]     The State initially asserted that this court lacked jurisdiction because there was no certification of defendant's right to appeal in the record and because there was no timely filed notice of appeal. The clerk supplemented the record with a proper certification. The State filed a letter acknowledging the notice of appeal contained in the supplemental record was timely and stating, "The State therefore abandons that portion of its brief that asked this Court to dismiss the appeal for want of jurisdiction."

Whether a court has subject matter jurisdiction is a question of law. *Coleman v. State*, No. 07-10-00423-CR, 2011 WL 3925767, at \*2 (Tex. App.—Amarillo Sept. 7, 2011, no pet.) (mem. op., not designated for publication) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). In Texas, district courts have jurisdiction over felony offenses. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005); *see also* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); TEX. GOV'T CODE ANN. § 24.007(a) (West Supp. 2012) ("The district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution."); *Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) ("A district court has jurisdiction over felony offenses. It does not have original jurisdiction over misdemeanor charges, except those involving official misconduct.").

If an indictment alleges a felony, it vests jurisdiction in district court. *Ex parte Sparks*, 206 S.W.3d 680, 682 (Tex. Crim. App. 2006); *Tellez v. State*, No. 01-09-00381-CR, 2010 WL 1840242, at \*1 (Tex. App.—Houston [1st Dist.] May 6, 2010, pet. ref'd) (mem. op., not designated for publication). When the State

4

relies on prior convictions to elevate what would otherwise be a misdemeanor offense to the level of a felony, "jurisdiction vests when the pleadings are submitted to the trial court and contain the requisite number of previous convictions." *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). Jurisdiction vests even if the State is later unable to prove all allegations of the felony offense and only establishes a lesser included misdemeanor offense. *Sparks*, 206 S.W.3d at 682; *Tellez*, 2010 WL 1840242, at *1; *see* TEX. CODE CRIM. PROC. ANN. art. 4.06 (West 2005) ("Upon the trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor."). The district court retains jurisdiction even if the State moves to reduce the charge to a lesser-included misdemeanor pursuant to a plea bargain with the defendant. *Golden v. State*, 833 S.W.2d 291, 292 (Tex. Crim. App. 1992).

A person is guilty of felony DWI if he commits the offense of DWI and he has been previously convicted two times for DWI. TEX. PENAL CODE ANN. § 49.09(b)(2); *see also See Hollen v. State,* 117 S.W.3d 798, 802 (Tex. Crim. App. 2003) (two prior convictions for DWI are elements of offense of felony DWI). Misdemeanor DWI is a lesser-included offense of felony DWI. *See* TEX. CODE

CRIM. PROC. ANN. art. 37.09 (West 2012); TEX. PENAL CODE ANN. § 49.04 (West 2012); *Reyes v. State*, 394 S.W.3d 809, 812 (Tex. App.—Amarillo 2013, no pet.).

The indictment in this case properly vested jurisdiction in the trial court by alleging all the elements of a felony DWI. The indictment alleged that Harris committed DWI and previously had been twice convicted for DWI. This is sufficient to vest the trial court with jurisdiction. *See Sparks*, 206 S.W.3d at 682 ("This *pleading* invoked the jurisdiction of the district court for the felony that was alleged, and that jurisdiction extended to the misdemeanor offenses that were included in the indictment."); *see also Tamez*, 11 S.W.3d at 201. Whether the State could prove all of the allegations is not a jurisdictional prerequisite, but, rather, an evidentiary matter. *See Sparks*, 206 S.W.3d at 682; *see also Tellez*, 2010 WL 1840242, at *1 ("The State was not, as appellant asserts, required to prove that appellant had a prior conviction . . . to maintain jurisdiction in the district court."). Accordingly, we hold that the trial court had jurisdiction over this case, because an indictment that properly alleged a felony offense had been submitted to the trial court. *See Tamez*, 11 S.W.3d at 201; *Tellez*, 2010 WL 1840242, at *1.

We overrule Harris's sole issue.

## Conclusion

We affirm the trial court's order denying Harris's application for a writ of habeas corpus.

_____
Rebeca Huddle
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).

7