

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-76,096-01

### EX PARTE WILLIAM VIRGIL HODGES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1228167 IN THE 230TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving while intoxicated (DWI) and was sentenced to twelve years' imprisonment. He did not appeal his conviction.

In his -01 application, the Applicant alleged, *inter alia*, that his sentence was illegal because his previous 1984 "conviction" was not available for enhancement purposes because his probation

had never been revoked.[1] This Court denied relief, based upon the trial court's findings of fact and conclusions of law, on July 20, 2011.

We now withdraw our prior decision and reconsider the -01 application on our own motion. After reconsideration, we find that the Applicant's prior offense was committed on or about December 30, 1983, the Applicant successfully completed his probation in that case, and that the Applicant had no other prior DWI convictions other than those listed in the indictment. Therefore, the Applicant's sentence in this case is outside of the punishment range allowed for a Class A misdemeanor.

Applicant is entitled to relief. *State v. Wilson*, 324 S.W.3d 595 (Tex. Crim. App. 2010); *Ex parte Sparks*, 206 S.W.3d 680 (Tex. Crim. App. 2006). Relief is granted. The judgment in Cause No. 1228167 in the 230th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges set out in the indictment.[2] The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 18, 2013
Do Not Publish

---

[1] Ground number two in the -01 application alleged that there was an issue with Applicant's 1984 DWI conviction in Cause No. 747965 in the County Criminal Court at Law No. 7 of Harris County, Texas. However, the indictment in this case reflects that conviction was from August 15, 1986. The Applicant does not allege any error concerning the other prior DWI conviction set out in the indictment.

[2] The Applicant's -03 and -04 applications are dismissed as moot.