IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,096-01






EX PARTE WILLIAM VIRGIL HODGES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1228167 IN THE 230TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated (DWI) and was sentenced to twelve years' imprisonment. He did not appeal his
conviction. 

 In his -01 application, the Applicant alleged, inter alia, that his sentence was illegal because
his previous 1984 "conviction" was not available for enhancement purposes because his probation
had never been revoked. (1) This Court denied relief, based upon the trial court's findings of fact and
conclusions of law, on July 20, 2011. 

 We now withdraw our prior decision and reconsider the -01 application on our own motion. 
After reconsideration, we find that the Applicant's prior offense was committed on or about
December 30, 1983, the Applicant successfully completed his probation in that case, and that the
Applicant had no other prior DWI convictions other than those listed in the indictment. Therefore,
the Applicant's sentence in this case is outside of the punishment range allowed for a Class A
misdemeanor. 

 Applicant is entitled to relief. State v. Wilson, 324 S.W.3d 595 (Tex. Crim. App. 2010); Ex
parte Sparks, 206 S.W.3d 680 (Tex. Crim. App. 2006). Relief is granted. The judgment in Cause
No. 1228167 in the 230th Judicial District Court of Harris County is set aside, and Applicant is
remanded to the custody of the Sheriff of Harris County to answer the charges set out in the
indictment. (2) The trial court shall issue any necessary bench warrant within 10 days after the mandate
of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.

Delivered: December 18, 2013

Do Not Publish
1. Ground number two in the -01 application alleged that there was an issue with
Applicant's 1984 DWI conviction in Cause No. 747965 in the County Criminal Court at Law No.
7 of Harris County, Texas. However, the indictment in this case reflects that conviction was
from August 15, 1986. The Applicant does not allege any error concerning the other prior DWI
conviction set out in the indictment. 
2. The Applicant's -03 and -04 applications are dismissed as moot.