**Opinion filed October 4, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00179-CR

_____

## EX PARTE CHRISTOPHER BENNETT WOOTEN

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 14804**

## M E M O R A N D U M   O P I N I O N

After the trial court denied two applications for writ of habeas corpus in trial court cause no. 14804, Christopher Bennett Wooten filed a pro se notice of appeal in that cause. We affirm.

The record reflects that the trial court summarily denied applications for writ of habeas corpus filed by Appellant pursuant to Articles 11.072 and 11.073 of the

Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.072–.073 (West 2015 & Supp. 2017). The trial court indicated that it denied the application under Article 11.072 because Appellant did not receive community supervision in cause no. 14804 but, instead, was sentenced to confinement for thirteen years. *See id.* art. 11.072 (relating to habeas corpus procedure in a community supervision case). The trial court indicated that it denied the application under Article 11.073 because Appellant failed to set forth in his application that relevant scientific evidence existed that was not available at his trial or that contradicted scientific evidence relied on by the State at Appellant's trial. *See id.* art. 11.073 (relating to habeas corpus procedure with respect to certain scientific evidence). As has been the case in previous filings, Appellant's main complaint seems to relate to the finality of a misdemeanor DWI conviction[1] that was used to enhance the instant offense to a felony DWI.[2]

We have reviewed Appellant's applications, the trial court's orders, and the relevant statutes, and we conclude that the trial court did not err in denying the applications for writ of habeas corpus that are at issue in this appeal. Furthermore, we note that we do not have jurisdiction to release a person from confinement when that person has been finally convicted of a felony. The Court of Criminal Appeals

---

[1]Appellant asserts that he received a probated sentence for a DWI in 1983 and that, because his probation was not revoked, the 1983 DWI could not be used as an enhancement. *See State v. Wilson*, 324 S.W.3d 595, 598–99 (Tex. Crim. App. 2010); *see also Ex parte Sparks*, 206 S.W.3d 680 (Tex. Crim. App. 2006).

[2]We note that Appellant has filed in this court other proceedings related to this matter, including Cause No. 11-16-00250-CR, an appeal that we dismissed pursuant to TEX. R. APP. P. 25.2(d); Cause No. 11-17-00111-CR, an original proceeding that we dismissed for want of jurisdiction; and Cause No. 11-18-00109-CR, an appeal that we dismissed for want of jurisdiction. Appellant has also previously filed applications for writ of habeas corpus pursuant to Article 11.07 in the Court of Criminal Appeals. CRIM. PROC. art. 11.07.

has exclusive jurisdiction in such matters. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *see* CRIM. PROC. art. 11.07.

The orders of the trial court are affirmed.

PER CURIAM

October 4, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.