

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-88,291-01, 88,291-02, 88,291-03, 88,291-04, 88,291-05, 88,291-06 & 88,291-07**

**EX PARTE JAMES TODD SMITH, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 5222-A, 4732-A, 3292-A, 3697-A, 3773-A, 3895-A & 4266-A**
**IN THE 100TH DISTRICT COURT**
**FROM CHILDRESS COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of seven counts of driving while intoxicated (DWI) and sentenced to imprisonment for fifteen years, eight years, two years, three terms of four years, and six years. He did not appeal his convictions.

Applicant contends, among other things, that trial counsel failed to investigate his prior DWI convictions, file motions to quash, and properly advise him of the proper punishment ranges, rendering his pleas involuntary. He also contends that the trial court lacked jurisdiction.

We raised laches *sua sponte*, remanded these applications so Applicant could respond and explain his delay in filing these applications, and directed the trial court to determine if Applicant's claims were barred by laches.

On remand, the trial court granted Applicant's motions to dismiss the -03 and -04 applications. In the other applications, the trial court adopted Applicant's and the State's agreed findings of fact and conclusions of law and recommended that we grant relief in response to each of Applicant's grounds.[1]

We disagree with the trial court's recommendation to grant relief. The trial court did not lack jurisdiction. *See* TEX. CODE CRIM. PROC. art. 4.06; *Ex parte Sparks*, 206 S.W.3d 680, 682 (Tex. Crim. App. 2006) (holding that the indictment alleging a misdemeanor DWI and two prior DWI convictions vested the district court with jurisdiction and that whether a prior DWI conviction was available as a jurisdictional enhancement was a "matter of evidence"). We also hold that if counsel's conduct was deficient, Applicant has not shown that he was prejudiced. Accordingly, the -03 and -04 applications are dismissed. The -01, -02, -05, -06, and -07 applications are denied.

Filed: October 31, 2018
Do not publish

---

[1] In the -02 application, the trial court recommended that we grant relief in response to Applicant's first and second grounds only.