

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,896-01

### EX PARTE FEDERICO VILLA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR11824-A IN THE 90TH DISTRICT COURT
### FROM YOUNG COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of felony driving while intoxicated – 3rd or more and sentenced to 3 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he should not have been convicted of a felony DWI. Specifically, he contends that one of the jurisdictional DWI convictions alleged in the indictment was not a final conviction and so it did not operate to make this DWI offense a felony. TEX. CODE CRIM. PROC. 49.09(b); *Ex parte Sparks,* 206 S.W.3d 680, 682 (Tex. Crim. App. 2006).

The trial court concludes that Applicant is entitled to relief. We agree. Relief is granted. The judgment in Cause Number 11824 in the 90th Judicial District Court of Young County is set aside,

and Applicant is remanded to the custody of the Sheriff of Young County to face the charges against him . The trial court shall issue any necessary bench warrant within ten days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: JUNE 12, 2024
Do not publish