

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-76,617-02

### EX PARTE DIEDRIK IVAN CAVIL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-10-10374-CR IN THE 284TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.  Keller, P.J., Keasler, J., and Hervey, J. dissent.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of possession of a controlled substance and sentenced to forty-five years' imprisonment. The Ninth Court of Appeals affirmed his conviction.  *Cavil v. State*, No. 09-08-00049-CR (Tex. App.–Beaumont August 26, 2009).

Applicant contends, *inter alia*, that he is actually innocent of the crime for which he is convicted, possession of more than one gram of cocaine.  His claim is not a true innocence claim,

but rather a claim that he is not eligible for the sentence he received. *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010).

This case is one of many cases affected by a forensic scientist who was found to have not follow accepted standards when analyzing evidence. This Court addressed these cases in a recent published opinion. *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). In *Coty*, this Court established a two-prong test to determine whether a due process violation occurred in a case handled by a forensic scientist who has been found to have committed misconduct in a different case.

The trial court has made findings pursuant to that two-part test and recommends that this Court grant relief. Relief is granted. The judgment in Cause No. 06-10-10374-CR in the 284th District Court of Montgomery County is set aside, and Applicant is remanded to the custody of the Sheriff of Montgomery County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 7, 2014
Do Not Publish