IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-76,617-02




EX PARTE DIEDRIK IVAN CAVIL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 06-10-10374-CR IN THE 284TH DISTRICT COURT
FROM MONTGOMERY COUNTY




            Per curiam. Keller, P.J., Keasler, J., and Hervey, J. dissent.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to forty-five years’ imprisonment. The Ninth Court of Appeals
affirmed his conviction. Cavil v. State, No. 09-08-00049-CR (Tex. App.–Beaumont August 26,
2009).
            Applicant contends, inter alia, that he is actually innocent of the crime for which he is
convicted, possession of more than one gram of cocaine. His claim is not a true innocence claim,
but rather a claim that he is not eligible for the sentence he received. State v. Wilson, 324 S.W.3d
595, 598 (Tex. Crim. App. 2010). 
            This case is one of many cases affected by a forensic scientist who was found to have not
follow accepted standards when analyzing evidence. This Court addressed these cases in a recent
published opinion. Ex parte Coty, 418 S.W.3d 597 (Tex. Crim. App. 2014). In Coty, this Court
established a two-prong test to determine whether a due process violation occurred in a case handled
by a forensic scientist who has been found to have committed misconduct in a different case. 
            The trial court has made findings pursuant to that two-part test and recommends that this
Court grant relief. Relief is granted. The judgment in Cause No. 06-10-10374-CR in the 284th
District Court of Montgomery County is set aside, and Applicant is remanded to the custody of the
Sheriff of Montgomery County. The trial court shall issue any necessary bench warrant within 10
days after the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: May 7, 2014
Do Not Publish