

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,473-01

**EX PARTE JOSEPH WAYNE GILLILAND, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1413241-A IN THE 182ND DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marihuana and sentenced to six months' imprisonment in a state jail facility. He did not appeal his conviction.

Applicant contends that post conviction testing of the substances reveal that he possessed less than four ounces of marihuana, and that there is insufficient evidence to support his conviction for a felony. He also argues that the new test results prove he is actually innocent. The State and trial

court agree that there is "no evidence" to support the judgment, and Applicant that is entitled to relief.

We agree. Applicant is entitled to habeas relief, but he has not carried his burden to prove he is actually innocent. The "actual innocence" term applies in Texas cases "only in circumstances in which an accused did not, in fact, commit the charged offense or any of the lesser-included offenses." *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010). Here, Applicant has proven he should not have been convicted of the greater offense of state jail felony possession of marihuana to which he pleaded. But he has also proven that he is guilty of the lesser-included offense of misdemeanor possession of marihuana. Though he is not "actually innocent," Applicant is entitled to relief. *State v. Wilson*, 324 S.W.3d 595 (Tex. Crim. App. 2010).

Relief is granted. The judgment in Cause No. 141324101010 in the 182nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: February 25, 2015
Do not publish