

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-59,823-07

**EX PARTE JAMES DOUGLAS JONES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2003-197D IN THE 421ST DISTRICT COURT
## FROM CALDWELL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault on a public servant and sentenced to twenty-five years' imprisonment. The Third Court of Appeals affirmed his conviction. *Jones v. State*, No. 03-08-00683-CR (Tex. App.—Austin Nov. 20, 2009) (not designated for publication).

This is a subsequent application for a writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.07, § 4. In a supplemental ground, Applicant contends that guilty-plea counsel was ineffective.

The trial court concluded that Applicant met the subsequent-application provisions in Article 11.07, § 4(a)(1) and § 4(a)(2) of the Code of Criminal Procedure, that counsel's conduct was deficient, and that Applicant was prejudiced. The trial court recommended that we grant relief.

In *Ex parte Brooks*, we said that we may not consider the merits of a subsequent application under § 4(a)(2) unless an applicant makes a "prima facie showing of actual innocence." *Ex parte Brooks*, 219 S.W.3d 396, 401 (Tex. Crim. App. 2007). We order that this application be filed and set for submission to determine whether § 4(a)(2) requires an applicant to make a prima facie showing of factual, as distinguished from legal, innocence.[1] In other words, may we review the merits of a subsequent application under § 4(a)(2) if an applicant has made a prima facie showing of legal but not factual innocence? Finally, this application is filed and set to determine whether, given the evidence in his case, Applicant has made a prima facie showing of factual innocence, legal innocence, or both for purposes of § 4(a)(2). The parties shall brief these issues. Oral argument will be permitted.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing

---

[1] For purposes of Applicant's case, "factual innocence" means "an accused did not, in fact, commit the charged offense or any of the lesser-included offenses." *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010). "Legal innocence," on the other hand, means that a defendant is not guilty, despite committing the alleged conduct. *Ex parte Fournier*, 473 S.W.3d 789, 792 (Tex. Crim. App. 2015); *see also Johnson v. Hargett*, 978 F.2d 855, 859–60 (5th Cir. 1992) (noting that "legal innocence" arises "whenever a constitutional violation by itself requires reversal," whereas "actual innocence" means "that the person did not commit the crime").

counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court within

90 days of this order.

Filed: February 8, 2017
Do not publish