**Opinion filed November 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00135-CR

_____

## EX PARTE CHRISTOPHER BENNETT WOOTEN

**On Appeal from the County Court**
**Howard County, Texas**
**Trial Court Cause No. 31429**

## M E M O R A N D U M   O P I N I O N

This appeal stems from the county court's denial of Christopher Bennett Wooten's application for writ of habeas corpus. Wooten obtained authorization from the Court of Criminal Appeals to file this out-of-time appeal. We affirm in part, and we reverse and remand in part.

The record reflects that Wooten sought habeas corpus relief pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015) (relating to habeas corpus procedure in a community supervision case). We note that we have jurisdiction over an appeal from the grant or denial of an application for writ of habeas corpus sought under

Article 11.072.  *See id.* art. 11.072, § 8; TEX. R. APP. P. 31; *Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Crim. App. 2008).  The county court determined that the application showed on its face that Wooten was not entitled to relief, and the county court summarily denied the application.  *See* CRIM. PROC. art. 11.072, § 7(a).

Wooten has filed various proceedings related to the issue that is at the forefront of this appeal: the finality of a 1983 misdemeanor DWI that was used to enhance a subsequent offense to a felony DWI.[1]  Wooten asserts that he received a probated sentence in 1983 for a misdemeanor DWI and that, because his probation was not revoked, the 1983 DWI could not later be used as an enhancement.  *See State v. Wilson*, 324 S.W.3d 595, 598–99 (Tex. Crim. App. 2010); *see also Ex parte Sparks*, 206 S.W.3d 680 (Tex. Crim. App. 2006); *State v. Wilson*, 288 S.W.3d 13, 16 (Tex. App.—Houston [1st Dist.] 2008), *aff'd*, 324 S.W.3d 595 (Tex. Crim. App. 2010) ("A probated sentence for DWI that occurred prior to January 1, 1984 was not defined as a final conviction.").

In its appellate brief, the State essentially agrees with Wooten with respect to the finality of the 1983 misdemeanor DWI.  In this regard, the State asserts that the probated judgment for misdemeanor DWI that was entered on June 21, 1983, "is in fact a Deferred Adjudication."  The June 21, 1983 judgment at issue in this cause states:

> It is therefore considered ORDERED and ADJUDGED that *the finding of guilty herein shall not be final, that no judgment be rendered thereon*, and that Defendant be, and he is hereby placed on probation in

---

[1]We note that Wooten has filed in this court other proceedings related to this matter, including Cause No. 11-16-00250-CR, an appeal from Wooten's felony DWI conviction, which we dismissed pursuant to TEX. R. APP. P. 25.2(d); Cause No. 11-17-00111-CR, an original proceeding that we dismissed for want of jurisdiction; Cause No. 11-18-00109-CR, an appeal that we dismissed for want of jurisdiction; Cause No. 11-18-00179-CR, an appeal from the district court's denial of habeas corpus relief; and Cause No. 11-18-00307-CR, an untimely appeal from the order at issue in the present appeal.  Wooten has also previously filed numerous applications for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, as well as petitions for discretionary review in the Court of Criminal Appeals.

this cause for a period of Twelve (12) months from this date, on the following terms and conditions . . . .

(Emphasis added).

The Court of Criminal Appeals has addressed a 1983 probation order containing the same language as emphasized above. *See Wilson*, 324 S.W.3d at 597. In *Wilson*, the Court of Criminal Appeals determined that Wilson's 1983 probation order "showed that that conviction was not final, absent proof of revocation." *Id.* The court went on to hold that, despite having entered into a plea bargain in a felony DWI case, Wilson was entitled to habeas corpus relief in his felony DWI case because his "1983 conviction could not be used for enhancement purposes and, without two prior convictions, his 1987 DWI was a Class A misdemeanor, not a felony." *Id.* at 599.[2]

In line with *Wilson*, the State acknowledges here that Wooten's 1983 misdemeanor DWI "should not be used as a predicate or enhancement for some other conviction" and that the county court erred when it failed to dismiss the 1983 misdemeanor DWI proceedings. The State maintains that the county court should dismiss the 1983 misdemeanor DWI (Cause No. 31429 in the County Court of Howard County) and provide Wooten with a copy of the dismissal.

The State correctly points out, however, that neither the county court nor this court has jurisdiction over Wooten's felony DWI conviction. We note, based on documents filed in this court in Cause No. 11-16-00250-CR, that Wooten pleaded guilty to felony DWI and true to an enhancement allegation in Cause No. 14804 in the 118th District Court of Howard County and that he was sentenced in 2016 to a

---

[2]We note that, as discussed elsewhere in this opinion, this court has no jurisdiction over Wooten's felony DWI conviction. We also note that in no way is this opinion to be construed as expressing an opinion that Wooten is entitled to the same relief that Wilson received; it appears from documents filed in this court that Wooten had at least two other DWI convictions that could have been used to enhance the 2016 DWI to a felony.

term of confinement for thirteen years. An intermediate appellate court does not have jurisdiction to release a person from confinement when that person has been finally convicted of a felony. The Court of Criminal Appeals has exclusive jurisdiction in such matters. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *see* CRIM. PROC. art. 11.07. To the extent that Wooten sought to have the county court release him from confinement based on his felony conviction, the county court properly denied Wooten's request for habeas corpus relief.

We have reviewed Wooten's application for writ of habeas corpus filed in this cause, the county court's order, and the relevant case law and statutes, and we conclude that the county court's order should be affirmed in part and reversed in part. The county court's order is reversed to the extent that it indicates that Wooten was finally "convicted" of DWI in Cause No. 31429 based upon the June 21, 1983 probated judgment and to the extent that it denied Wooten's request for habeas relief from that probated judgment. We remand the cause to the county court so that the county court may order habeas relief as suggested by the State in this cause. In all other things, the county court's order is affirmed.

KEITH STRETCHER

JUSTICE

November 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.