

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-50,358-02

### EX PARTE JOHN GABRIEL CAPE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2017CR12157-W1 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion.

## O R D E R

Applicant pleaded no contest to possession of a controlled substance and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.[1] *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he is actually innocent. The trial court made findings of fact, concluded that Applicant had established that he is actually innocent, and recommended that we grant him a new trial. We believe that the record is not adequate to resolve

---

[1] The application we received was not, however, properly verified.

whether Applicant is actually innocent. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to develop the record, it may use any means set out in Article 11.07, § 3(d). Applicant appears to be represented by counsel. If he is not and the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make further findings of fact and determine whether Applicant possessed quantities of methamphetamine not found in the bathroom area of the house where, he and his co-defendant maintain, the confidential informant planted drugs.[2] The trial court shall then determine whether Applicant committed a lesser-included offense of the charges set out in the indictment and whether he has established that he is actually innocent. *See State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010) ("We hold that the term 'actual innocence' shall apply, in Texas state cases, only in circumstances in which an accused did not, in fact, commit the charged offense or any of the lesser-included offenses."). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

---

[2] According to the record, a large bundle wrapped in tape containing 1,102 grams of methamphetamine was found behind a loose board in the bathroom area.

hearings and depositions.  *See* Tex. R. App. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 18, 2020
Do not publish