

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

## NO. WR-91,289-01

## EX PARTE ROLLIE DARNELL WARFIELD, Applicant

### ON APPLICANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. W12-51838-V(A) FROM THE 292ND DISTRICT COURT DALLAS COUNTY

NEWELL, J., filed a concurring opinion in which HERVEY and RICHARDSON, JJ., joined .

This is a straightforward case. The State charged Applicant with a second-degree offense of possessing identifying information, but a self-initiated audit revealed Applicant had only committed a third-degree offense. So, Applicant filed an application for writ of habeas corpus based upon this Court's established precedent. Applicant alleges that he is entitled to relief because his guilty plea was involuntary under *Ex parte*

*Mable*.[1]  He also argues that he is entitled to relief as a matter of due process under *State v. Wilson*.[2]

All the parties agree that Applicant is entitled to relief under both theories, and the habeas court recommends granting relief.  The Court rightly grants relief based upon this Court's established precedent.  I support the Court's decision to do so, as either theory results in the same degree of relief.  Nevertheless, we are asked again to reconsider our decision in *Ex parte Mable*.[3]  There is also another suggestion, albeit an implicit one, that we raise the standard for determining actual innocence again, even though Applicant does not seek actual innocence relief in this case.  I write separately to address our precedent in these areas, as well as the Texas Supreme Court's recent decision in *In re Lester*.[4]

### *Mable* and *Wilson*

This Court has already heard and rejected the criticisms of *Ex parte Mable*.  We adhere to binding precedent because it promotes judicial efficiency and consistency, encourages reliance upon judicial decisions,

---

[1] *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

[2] *State v. Wilson*, 324 S.W.3d 595 (Tex. Crim. App. 2010).

[3] *Mable*, 443 S.W.3d 129.

[4] *In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020).

and contributes to the integrity of the judicial process.[5]  Repeatedly re-examining this precedent on our own when no one has asked us to has the opposite effect.  In the end, binding precedent is the law.  Absent a reason to abandon the doctrine of *stare decisis*, the Court rightly follows it in this case.

And again, I agree that this Court can grant relief as a matter of due process under *State v. Wilson*, as well as under an involuntary-plea theory.  But it is confusing to lump *State v. Wilson* in with our "actual innocence" jurisprudence.  *Wilson* does discuss some cases using the term "actual innocence," but those cases dealt with the applicability of an exception to procedural default on federal habeas claims.[6]  They did not recognize a right to actual innocence relief as a matter of due process.

Further, this Court did not hold that Wilson was "actually innocent."  As Applicant himself noted in his application, the defendant in *Wilson* raised a claim that he was actually innocent, and this Court rejected it.  Instead, the Court held in *Wilson* that a defendant was entitled to relief

---

[5] *See Paulson v. Sate,* 28 S.W.3d 570, 571 (Tex. Crim. App. 2000).

[6] *Wilson*, 324 S.W.3d at 597–98 (citing *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992); *Dretke v. Haley*, 541 U.S. 386, 393 (2004); and *Murray v. Carrier*, 477 U.S. 478 (1986)).

even though he was not "actually innocent" because it was still possible he had committed a lesser-included offense.[7]

Significantly, *Wilson* was not concerned with the types of innocence claims raised in *Ex parte Miles*,[8] *Ex parte Cacy*,[9] *Ex parte Mayhugh*,[10] or *Ex parte Chaney*.[11] The claim in *Wilson* was that the defendant had not committed felony DWI because one of the elemental priors was not a final conviction.[12] It was an entirely different theory of relief than what is typically thought of as an "actual innocence" case. The standard by which the Court resolved the claim in *Wilson* is not a substitute for claims for relief in cases where new evidence that the defendant did not commit the offense comes to light after a wrongful conviction. And advocating for relief under the standard set out in *Wilson* does not provide support for opposition to the standard set out in *Elizondo*. Actual innocence claims are properly governed by the standard this Court set out in *Ex parte*

---

[7] *Id.* at 598.

[8] *Ex parte Miles*, 359 S.W.3d 647 (Tex. Crim. App. 2012).

[9] *Ex parte Cacy*, WR-85,420-01, 2016 WL 6525721 (Tex. Crim. App. Nov. 2, 2016) (not designated for publication).

[10] *Ex parte Mayhugh*, 512 S.W.3d 285 (Tex. Crim. App. 2016) (plurality op.).

[11] *Ex parte Chaney*, 563 S.W.3d 239 (Tex. Crim. App. 2018).

[12] *Wilson*, 324 S.W.3d at 596.

*Elizondo*.[13]  As with the arguments against continuing to follow *Mable*, this Court has considered and rejected arguments to raise the standard for determining actual innocence.  This case is not a vehicle to reconsider them, especially considering that Applicant is not even arguing he is entitled to actual innocence relief.

### *In re Lester*

Finally, it would be a mistake to read the Texas Supreme Court's decision in *In re Lester* as limiting actual innocence review to the types of claims raised in that case.  Starting relatively recently, the Texas Supreme Court has been actively removing barriers to righting wrongful convictions.  Our sister court has held that a wrongfully convicted defendant is entitled to compensation even under a *Schlup*-type procedural claim of actual innocence, which carries a lower standard for determining actual innocence that the standard set out in *Ex parte Elizondo*.[14]  And, more recently, the Court held that a finding of actual innocence entered by a court without jurisdiction is sufficient to trigger a

---

[13] *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996) (To be granted actual innocence relief based solely on newly discovered evidence, the applicant must show that the new evidence unquestionably establishes his innocence—i.e., he must prove by clear and convincing evidence that no reasonable juror would have convicted the applicant in light of the new evidence.).

[14] *In re Allen*, 366 S.W.3d 696 (Tex. 2012).

magisterial duty on the part of the comptroller to pay compensation to someone who has been wrongfully convicted.[15] Nothing in *In re Lester* suggests that the Texas Supreme Court is on a different course.

Indeed, *Lester* only dealt with the rare circumstance in which a defendant was prosecuted under a statute that had already been declared facially unconstitutional at the time the defendant was prosecuted.[16] In that context, our sister court recognized an additional theory for innocence relief beyond the two types of innocence claims already recognized by this Court.[17] As the Court recognized, "Just because existing actual innocence jurisprudence does not contemplate something as outrageous as Lester's case does not mean that Lester who committed no crime is anything but actually innocent."[18]

If anything, *Lester* suggests the Supreme Court disagrees with our precedent dealing with the impact of *Ex parte Lo*. When Lester's case was before this Court, we did not grant "actual innocence" relief; we relied upon our previous decision in *Ex parte Chance* to vacate Lester's

---

[15] *In re Brown*, ---S.W.3d---, 2020 WL 7413728 (Tex. 2020).

[16] *Lester*, 602 S.W.3d at 471.

[17] *Id.* at 472–73.

[18] *Id.* at 473.

conviction as a void judgment and dismiss the indictment without declaring him innocent.[19] In *Chance*, we had the opportunity to hold that someone who had been convicted under a facially unconstitutional statute was actually innocent because such a statute is *void ab initio.*[20] But we didn't do that. Then, in *Ex parte Fournier*, we rejected that theory, holding that a defendant who had been convicted under a statute that was later determined to be facially unconstitutional was entitled to relief, just not actual innocence relief.[21]

The Supreme Court's decision seems to suggest that we did not go far enough in *Chance* and *Fournier*. So, if we are going to apply *Lester*, that case seems to require this Court—in cases in which a later legal determination has rendered a conviction void—to not only grant habeas corpus relief as a matter of due process, but also declare innocence. Doing so, however, would necessarily expand the available relief to

---

[19] *Ex parte Lester*, WR–88,227–01, 2018 WL 1736686 (Tex. Crim. App. Apr. 11, 2018) (not designated for publication). The Court rejected the argument that Lester was only entitled to relief under a theory of ineffective assistance of counsel. *Id.*; *see also id.* at *2 (Yeary, J., concurring) (agreeing with the Court's decision to grant Applicant relief but stating he would grant relief only on Applicant's ineffective assistance of counsel claim).

[20] *Ex parte Chance*, 439 S.W.3d 918, 922 (Tex. Crim. App. 2014) (Cochran, J., concurring) ("Anyone who has been convicted under the now void provisions of Section 32.021(b) is 'innocent' and may obtain an acquittal, whether it is in the trial court, or direct appeal, or in a habeas proceeding.").

[21] *Ex parte Fournier*, 473 S.W.2d 789, 796 (Tex. Crim. App. 2015); *see also id*. at 800 (Yeary, J., dissenting) (agreeing to the denial of actual innocence relief but dissenting to the grant of relief).

defendants who have been prosecuted under the statute declared unconstitutional in *Ex parte Lo*.[22]  But if we aren't going to apply it, then this discussion about "actual innocence" is unnecessary for the resolution of an otherwise straightforward case.

With these thoughts, I join the court's opinion granting relief.

Filed: February 24, 2021

Publish

---

[22] *Cf. Ex parte Fournier,* 473 S.W.3d 789, 800 (Tex. Crim. App. 2015) (Yeary, J., dissenting) (arguing for a complete denial of habeas corpus relief to applicants who have been prosecuted under a facially unconstitutional statute)*; Ex parte Miller*, 2016 WL 158648, *1 (Tex. Crim. App. Jan. 13, 2016) (per curiam, not designated for publication) (Yeary, J., dissenting)(same); *Ex parte Anthony*, 2016 WL 368324, *1 (Tex. Crim. App. Jan. 27, 2016) (per curiam, not designated for publication) (Yeary, J., dissenting)(same); *Ex parte Ardie*, 2016 WL 1477710, *1 (Tex. Crim. App. Apr. 13, 2016) (per curiam, not designated for publication) (Yeary, J., dissenting)(same); *Ex parte Stewart*, 2018 WL 4344339, *1 (Tex. Crim. App. Sept. 12, 2018) (per curiam, not designated for publication) (Yeary, J., dissenting)(same).