

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,755-01 AND WR-91,755-02

### EX PARTE LOUIE ROLAND GARCIA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2017CR12158-W1 AND 2018CR3048-W1
### IN THE 226TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.* YEARY, J., filed a dissenting opinion.

### O P I N I O N

Applicant pleaded guilty to two charges of possession of a controlled substance arising from separate incidents, and was sentenced to eight years' imprisonment in each case, to run concurrently. He did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In the -01 case, Applicant and two co-defendants were arrested after law enforcement executed a search warrant at a residence and drugs were found. Applicant did not live at the residence, but was present at the time of the search. The search was based on information supplied by a confidential informant. Applicant and his co-defendants maintained that the person who they

believed to be the confidential informant planted the drugs just before the search. Just before law enforcement arrived, an individual came to the house with his child. He asked to use the restroom and left a short time later. During the search that law enforcement conducted later that day, a large quantity of narcotics was discovered in a loose board in the bathroom as well as outside on the front porch, where Applicant's tools and phone were located. Smaller quantities of drugs and paraphernalia were also found around the house and in one co-defendant's purse. When Applicant was moved from one room of the residence to another, a bag containing methamphetamine was found on the floor near his feet. The room had apparently been searched and "cleared" before Applicant was placed in it, and the bag of methamphetamine was not found until after he had been sitting there.

Approximately two years after Applicant pleaded guilty to the charges, the State learned that the confidential informant who provided the information relied on for a search warrant in this case is unreliable and planted evidence in a house in an unrelated case. The State promptly disclosed this fact to Applicant.

Applicant now contends that the State committed a *Brady* violation, that he was denied due process because the State relied on false evidence, that his plea was involuntary, and that he is actually innocent. This Court remanded this matter to the trial court to obtain findings of fact and conclusions of law addressing Applicant's actual innocence claim. Specifically, this Court asked for findings as to whether Applicant possessed quantities of methamphetamine that were not part of the drugs allegedly planted by the confidential informant in this case, and if so, whether Applicant committed a lesser-included offense of the charges set out in the indictment and whether he has established that he is actually innocent. *See State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App.

2010) ("We hold that the term 'actual innocence' shall apply, in Texas state cases, only in circumstances in which an accused did not, in fact, commit the charged offense or any of the lesser-included offenses.").

The trial court held a habeas hearing at which it heard arguments from the parties. As it did before remand, the trial court recommends that relief be granted on the basis of actual innocence, because but for the false information provided by the confidential informant, the State would not have been able to conduct a valid search, and would not have brought any charges at all. We disagree. Although the "newly-discovered" evidence does cast doubt on the validity of the search warrant, and does support Applicant's claim that the confidential informant planted the drugs that were found in the bathroom and in a bank bag found outside the house, Applicant has not demonstrated that he did not commit a lesser-included offense by possessing the drugs not alleged to have been planted by the confidential informant. Therefore, he does not qualify for relief on the basis of actual innocence.

Nor has Applicant demonstrated that the State committed a *Brady* violation, because the State disclosed the information about the unreliability of the confidential informant to Applicant as soon as it came to light, which was after his plea. Applicant has not demonstrated that his conviction was based on false testimony, because he pleaded guilty to the charges, and the State did not present testimony from the confidential informant.

However, the trial court's recommendation to grant relief on the basis of an involuntary plea is supported by the record. If Applicant had been aware that the information provided by the confidential informant used to obtain the search warrant that led to the discovery of the drugs was unreliable, it is likely that he would not have pleaded guilty to the charges. Although Applicant lacked standing to challenge the search of the house, the State concedes that no search would have

been conducted and no charges would have been brought but for the false information provided by the confidential informant.

In the -02 application, Applicant alleges that his pleas to the -01 and -02 charges were part of a "package" plea agreement, and that the invalidation of his plea to the -01 charges also renders his plea to the -02 charges invalid. This claim is supported by the record.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgments in cause numbers 2017CR12157 and 2018CR3048 in the 226th District Court of Bexar County are set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 30, 2021
Do not publish