

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-50,358-02

### EX PARTE JOHN GABRIEL CAPE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2017CR12157-W1 IN THE 226TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion.

### O P I N I O N

Applicant pleaded no contest to one count of possession of a controlled substance, and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant and two co-defendants were arrested after law enforcement executed a search warrant at a residence where Applicant lived and drugs were found. The search was based on information supplied by a confidential informant. Applicant and his co-defendants maintained that the person who they believed to be the confidential informant planted the drugs just before the search. Just before law enforcement arrived, an individual came to the house with his child. He asked to use

the restroom and left a short time later. During the search that law enforcement conducted later that day, a large quantity of narcotics was discovered in a loose board in the bathroom as well as outside on the front porch. Smaller quantities of drugs and paraphernalia were also found around the house and in one co-defendant's purse.

Approximately two years after Applicant pleaded no contest to the charges, the State learned that the confidential informant who provided the information relied on for a search warrant in this case is unreliable and planted evidence in a house in an unrelated case. The State promptly disclosed this fact to Applicant.

Applicant now contends that the State committed a *Brady* violation, that he was denied due process because the State relied on false evidence, that his plea was involuntary, and that he is actually innocent. This Court remanded this matter to the trial court to obtain findings of fact and conclusions of law addressing Applicant's actual innocence claim. Specifically, this Court asked for findings as to whether Applicant possessed quantities of methamphetamine that were not part of the drugs allegedly planted by the confidential informant in this case, and if so, whether Applicant committed a lesser-included offense of the charges set out in the indictment and whether he has established that he is actually innocent. *See State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010) ("We hold that the term 'actual innocence' shall apply, in Texas state cases, only in circumstances in which an accused did not, in fact, commit the charged offense or any of the lesser-included offenses.").

The trial court held a habeas hearing at which it heard arguments from the parties. As it did before remand, the trial court recommends that relief be granted on the basis of actual innocence, because but for the false information provided by the confidential informant, the State would not have

been able to conduct a valid search, and would not have brought any charges at all. We disagree. Although the "newly-discovered" evidence does cast doubt on the validity of the search warrant, and does support Applicant's claim that the confidential informant planted the drugs that were found in the bathroom and in a bank bag found outside the house, Applicant has not demonstrated that he did not commit a lesser-included offense by possessing the drugs not alleged to have been planted by the confidential informant. Therefore, he does not qualify for relief on the basis of actual innocence.

Nor has Applicant demonstrated that the State committed a *Brady* violation, because the State disclosed the information about the unreliability of the confidential informant to Applicant as soon as it came to light, which was after his plea. Applicant has not demonstrated that his conviction was based on false testimony, because he pleaded no contest to the charges, and the State did not present testimony from the confidential informant.

However, the trial court's recommendation to grant relief on the basis of an involuntary plea is supported by the record. If Applicant had been aware that the information provided by the confidential informant used to obtain the search warrant that led to the discovery of the drugs was unreliable, it is likely that he would not have pleaded no contest to the charges, but would have challenged the validity of the search. Such a challenge would likely have been successful, and would likely have led to a dismissal of the charges.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 2017CR12157 in the 226th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 30, 2021
Do not publish