

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-92,944-01 & WR-92,944-02

### EX PARTE DAYVEON LASHAWN THOMAS, Applicant

### ON APPLICANT'S APPLICATIONS FOR WRIT OF HABEAS CORPUS IN CAUSE NOS. W219-81120-2020-HC & W219-81121-2020-HC FROM THE 219TH JUDICIAL DISTRICT COURT OF COLLIN COUNTY

**YEARY, J., filed a dissenting opinion.**

### DISSENTING OPINION

In an unpublished, per curiam opinion, the Court grants Applicant relief based on his claim that his guilty pleas for aggravated robbery were involuntary, citing *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). For reasons extensively developed in Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712 (Tex. Crim. App. 2019) (Keasler, J., concurring), and my own concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69 (Tex. Crim. App. 2021) (Yeary, J., concurring), I disagree that Applicant's guilty pleas were involuntary, and I continue to believe that the Court should overrule *Mable*. Involuntariness of his pleas is the only legal theory Applicant advances in his post-conviction application for writ of habeas corpus. I would simply deny relief.

But even if I thought Applicant's writ application also alleged facts that were sufficient to make out a claim that his due process rights were otherwise violated—because he was convicted of aggravated robbery on facts that (he now claims) can only support conviction for the lesser-included offense of robbery—I would not grant him summary relief, as the Court does today. Under those circumstances, I believe it would be necessary to remand the causes for additional fact development. Because the Court instead simply grants Applicant summary relief, I respectfully dissent.

## INVOLUNTARINESS?

We know precious little about these cases. We know that Applicant pled guilty to aggravated robbery against two victims, alleged to have been committed on March 2, 2020, and March 4, 2020. The plea proceedings apparently occurred on January 13, 2021, but there is no reporter's record before us to document those proceedings. The theory of law that aggravated these felonies to the level of first-degree offenses is that Applicant used or exhibited a "firearm," which is a deadly weapon *per se*. TEX. PENAL CODE §§ 29.03(a)(2), 1.07(17)(A). He received a fifteen-year sentence in each case, to run concurrently.

In a single allegation, without supporting brief or citation to authority, Applicant now alleges that his guilty plea to each offense was "involuntary" because, as the prosecutor admits in an affidavit attached to the State's response, "the State developed evidence in a related case that the weapon used in the indicted offenses was not a firearm[.]" Although the weapon might *otherwise* have been a "deadly weapon" in contemplation of the Penal Code, the State nevertheless confesses error and agrees that

Applicant's guilty plea in these cases was involuntary.[1] Finding that Applicant would not have entered guilty pleas had he known that the State could not prove he used a "firearm" in committing these robberies, the convicting court has recommended that we grant relief. Today the Court does so, relying on *Mable*. Majority Opinion at 1.

But I continue to believe that *Mable* should be overruled. *Warfield*, 618 S.W.3d at 72–73 (Yeary, J., concurring). As Judge Keasler aptly explained in his concurring opinion in *Saucedo*, so long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily. *Saucedo*, 576 S.W.3d at 719 (Keasler, J., concurring) (an applicant's "ignorance of facts he 'knew . . . he did not know' should not invalidate his otherwise voluntary decision to plead guilty.") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)). Insofar as the meager record in this case reveals, neither the State nor Applicant apparently knew that the State would be unable to prove he used a "firearm" in committing these robberies. *Mable* should be abandoned—not propagated, as the Court continues to do today.

## OTHER DUE PROCESS OR IAC THEORIES?

Applicant does not plead any other legal theory that would justify granting him relief. For example, he does not allege that the State was aware at the time of his pleas that the weapon he used or exhibited was neither a "firearm" nor in any other sense "deadly." So, he does not allege a due process violation predicated on prosecutorial misconduct. His trial counsel was presumably aware of whatever weapon he used in the course of these

---

[1] *See* TEX. PENAL CODE § 1.07(17)(A) & (B) ("'Deadly weapon' means . . . a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.").

robberies and should have been able to advise him if there was a question as to whether it satisfied the statutory definition of "deadly weapon" before he pled guilty to these offenses. Applicant makes no claim of ineffective assistance of counsel based on his counsel's deficient legal advice on that account. In any event, had he asserted either of these claims, it would still be necessary to remand the cause for additional fact development.

Applicant does not even claim that new evidence now definitively shows that he is guilty only of the lesser-included offenses of robbery, so as to entitle him to relief on the basis of the due-process theory espoused in *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010). *See Warfield*, 618 S.W.3d at 73 (Yeary, J., concurring) (observing that the Court "granted relief in *Wilson* on the theory that new facts could establish that an appellant was 'guilty only of' a lesser offense, such that he was 'factually ineligible' to be punished for the greater offense"); *Saucedo*, 576 S.W.3d at 720 (Keasler, J., concurring) (same).[2] Nor does he—or could he, plausibly—claim that he has suffered the imposition of an "illegal sentence," since his fifteen-year sentences fall within the two- to twenty-year range of punishment for a second-degree felony, which is the class of felony within which a non-aggravated robbery falls. *See Warfield*, 618 S.W.3d at 73 (noting that Warfield was punished within the range of the lesser-included offense and therefore could not claim he had suffered an "illegal sentence"); TEX. PENAL CODE § 29.02(b) (robbery is a second-degree felony).

---

[2] The applicant in *Saucedo* made a claim that could plausibly be construed to raise an issue under *Wilson*. 576 S.W.3d at 721 (Keasler, J., concurring). Such a claim, had it been made in these cases, might arguably also entail the need for further fact development, if only so that Applicant might also show that whatever weapon he used or exhibited did not constitute a "deadly weapon" in some way other than by virtue of its character as a "firearm." At this point, this Court still does not even know the character of the "weapon" used in these offenses.

Failing to perceive any valid basis for granting Applicant relief at all, much less for granting relief in a summary per curiam opinion, I respectfully dissent.


FILED:                                    October 20, 2021
PUBLISH