

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. WR-70,963-02

### Ex parte JUAN RAMON MEZA SEGUNDO, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. C-3-W011370-0974988-B
### IN CRIMINAL DISTRICT COURT NUMBER THREE
### TARRANT COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The habeas court and this Court conclude that Applicant "has met his burden to prove by a preponderance of the evidence" that he is a person with intellectual disability under the current clinical diagnostic framework. I would hold that this is the wrong standard, because Applicant presented the intellectual disability issue to the trial court at trial and could have raised it on appeal. Instead, we should employ an *Elizondo*-type[1] standard and ask whether it has been shown by clear and convincing evidence that no reasonable juror could find against Applicant on his intellectual disability claim.

---

[1] *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

Applicant was convicted in 2006—four years after the Supreme Court decided the *Atkins* case[2] that exempted intellectually disabled persons from the death penalty. At trial, Applicant requested the submission of an intellectual-disability instruction, which the trial court refused. Applicant could have complained about the trial court's refusal on direct appeal, but he did not.

Because intellectual disability was litigated at trial, we should treat the issue on habeas the same as we treat any other issue on habeas that has been litigated at trial. We should not be deciding the issue of intellectual disability as if it had first been litigated here. But deciding whether Applicant is intellectually disabled by a preponderance of the evidence does just that.

There are several ways that a claim that was litigated at trial might be raised on habeas. To complain about a trial court's refusal to submit a requested intellectual-disability instruction, an applicant could claim that counsel was ineffective for failing to present evidence that would have supported an instruction.[3] Or he could claim that false evidence was presented that influenced the trial court to refuse the instruction.[4] An applicant might be able to raise a claim that the trial court erred in refusing to submit the requested instruction if he can also show that the issue was decided

---

[2] *Atkins v. Virginia*, 536 U.S. 304 (2002).

[3] But prevailing on an ineffective assistance claim while relying upon a change in the law would seem problematic. *See Hathorn v. State*, 848 S.W.2d 101, 126 (Tex. Crim. App. 1992) ("[I]t does not amount to a deficiency in performance of counsel to fail to object to a point when such objection would have conflicted with what at the time of trial was taken to be settled law and would therefore be futile.").

[4] But a false testimony claim seems unlikely to prevail if the alleged falsity is based on a change in clinical standards. *See Ex parte Robbins*, 360 S.W.3d 446, 461 (Tex. Crim. App. 2011) (an expert witness's change of mind does not by itself make her prior testimony false).

adversely on appeal and that a retroactive change in the law requires a different outcome.[5]  An

applicant might be able to advance a "no evidence" claim that the evidence at trial conclusively

established his intellectual disability.[6]  But Applicant has advanced none of these claims, nor does

his current claim resemble any of these claims.  He is not claiming that the trial was tainted by the

malfeasance of one of the trial participants (judge, counsel, or witness), or that the trial record, by

itself, shows that he is intellectually disabled.  Rather, he is claiming that all of the evidence before

us now—both at trial and on habeas—shows that he is intellectually disabled.

Applicant makes this claim after an adverse determination of his intellectual disability claim

at trial.  That procedural fact makes his claim most resemble a claim of actual innocence.  While,

in Texas, the term "actual innocence" is reserved for situations in which the defendant is not guilty

of the charged offense or any lesser-included offense, we have recognized analogous situations.[7]  An

analysis similar to that for actual innocence can occur when the issue is whether the defendant is

---

[5] *See Ex parte Drake*, 883 S.W.2d 213, 214 (Tex. Crim. App. 1994) (Claims that were raised on direct appeal can be revisited on habeas if "we have decided to apply relief retroactively after a subsequent change in the law.").  This is an exception to the general rule that record based claims cannot be raised on habeas.  *See Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).  Of course, this exception would apply only if the habeas applicant had raised the issue on direct appeal, and here Applicant did not.

[6] The issue of intellectual disability is in the nature of a defensive matter at punishment. *Neal v. State*, 256 S.W.3d 264, 273 (Tex. Crim. App. 2008).  I have in the past suggested that an appellate court could conduct a sufficiency review of an unsubmitted defense if the evidence at trial established the defense as a matter of law.  *Wright v. State*, 981 S.W.2d 197, 203-04 (Tex. Crim. App. 1998) (Keller, J., dissenting).  Of course, if the Applicant is relying upon a change in the law, a court would have to consider whether the State might have been able to introduce evidence to refute the applicant's contentions if it had known about the change.

[7] *State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010).

ineligible for the punishment assessed.[8]  And although the procedural "innocence" exception to the

subsequent writ bar in federal court differs from the substantive doctrine of actual innocence as a

freestanding claim,[9] federal courts recognize a parallel procedural "innocence of the death penalty"

exception to the federal subsequent writ bar.[10]

A comparison of the various freestanding and procedural "innocence" standards in the

caselaw supports the conclusion that a "clear and convincing . . . no reasonable juror" standard is the

appropriate one to apply in this case.  The *Elizondo* freestanding innocence standard and the *Sawyer*

procedural "innocence of the death penalty" standard both employ "clear and convincing . . . no

reasonable juror" language.[11]  The *Schlup* procedural innocence standard employs the less onerous

"preponderance . . . no reasonable juror" standard.   We can see two things from comparing these

standards.  First, a freestanding innocence claim is more difficult to prove than a procedural

innocence claim.  Second, a procedural "innocence of the death penalty" claim is more difficult to

prove than a procedural innocence claim.  Because a claim like Applicant's is freestanding *and*

alleges what amounts to "innocence of the death penalty," it would seem that it should require at

least the same standard of proof as do those two circumstances standing alone.  It certainly should

not be the *easiest* claim to prove, but under the Court's opinion, it is just that: *the Court* must find

---

[8]  *Id.*

[9]  *Schlup v. Delo*, 513 U.S. 298, 313-14 (1995).

[10]  *See Sawyer v. Whitley*, 505 U.S. 333, 338-41 (1992).

[11]  *Compare Elizondo*, 947 S.W.2d at 209 ("by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence") *with Sawyer*, 505 U.S. at 336 ("by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law").  *See also* TEX. CODE CRIM. PROC. art. 11.071, § 5(a)(3) (language similar to *Sawyer*).

the defendant exempt from the death penalty by a preponderance of the evidence—an easier standard than even the *Schlup* procedural innocence standard, which requires proof by a preponderance of the evidence, but ties it to showing that "no reasonable juror" would find against the defendant.

When the issue of intellectual disability is considered for the first time on habeas, it is appropriate to decide the issue from scratch by a preponderance of the evidence, as we do with other claims for relief that are raised for the first time on habeas. And for such a case, it might be appropriate to continue applying that standard in a later habeas proceeding that reconsiders the issue after a change in clinical standards. But when the issue of intellectual disability is considered and decided at trial, considerations of finality should dictate that reconsideration of the issue on habeas be more deferential. The trial is always the "main event" and not a "tryout on the road."[12] When an applicant wishes to have a court reconsider an issue of intellectual disability that was previously considered at trial, he should have to carry a burden of proof commensurate with a freestanding "innocence of the death penalty claim"—a burden to show (at least) "clear and convincing evidence that no reasonable juror would impose the death penalty."

While a jury did not deliberate on the issue of intellectual disability, the trial court did make a determination—that the evidence did not even raise the issue. Having failed to challenge that determination, Applicant ought now to be required to meet a freestanding innocence-type standard—to show by clear and convincing evidence that no reasonable juror could reject his intellectual disability claim. I do not think Applicant has made that showing. If the Court is in doubt on the issue, it could remand to the habeas court for findings on whether the "clear and convincing . . . no reasonable juror" standard has been met.

---

[12] *State v. Mendoza*, 365 S.W.3d 666, 669 (Tex. Crim. App. 2012).

I respectfully dissent.

Filed: May 25, 2022

Publish